# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS – WORCESTER DIVISION

**Jeferson da Silva Andrade**

**Petitioner, pro se**

35 Berkmans Street, Apt. 2

Worcester, MA 01602

(774) 545-6884

jefersonandradeadv@gmail.com

v.

**U.S. Department of Homeland Security (DHS)**

**U.S. Immigration and Customs Enforcement (ICE)**

**Enforcement and Removal Operations (ERO) – Boston Field Office**

**Patricia Hyde, Field Office Director**

**Respondents.**

Case No.:

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241. REQUEST FOR FULL PROTECTIVE ORDER OR, IN THE ALTERNATIVE, NARROW TEMPORARY RESTRAINING ORDER (TRO)**

(Filed Pro Se – U.S.-Citizen Child Faces Immediate & Irreparable Harm)

Supplemental Filing – Dec. 3, 2025 – USCIS Nationwide Asylum Freeze (PM-602-0192)

## CERTIFICATION UNDER LOCAL RULE 7.1

Petitioner certifies that on December 1–2, 2025, he attempted to confer with the Civil Division of the U.S. Attorney's Office (Boston) regarding this emergency request.

Because of the immediate threat of collateral arrest and the irreversible harm that would fall upon Petitioner's 10-year-old U.S.-citizen son, full conferral was impossible without risking family separation.

## I. INTRODUCTION (HUMAN STATEMENT IN FIRST PERSON)

Your Honor,

My name is Jeferson da Silva Andrade, and I am a father who wakes up every morning wondering if this is the day my U.S.-citizen son, Benjamin, will watch ICE take his father away in handcuffs.

Benjamin is 10 years old, born here in Worcester. Every night before he sleeps he asks me:

"Daddy, promise you will be here tomorrow."

I want to say yes.

But with the construction raids in Massachusetts, the restaurant sweeps where my wife works, the "collateral arrests" happening across Worcester, and now the USCIS asylum freeze issued yesterday, I cannot promise my son that.

That is why I am here — pro se, unrepresented, asking this Court not for a benefit, not for a shortcut, but simply for temporary protection so I can remain a father until USCIS can process the humanitarian applications I already filed.

## II. PETITIONER AND HOUSEHOLD MEMBERS

I reside at 35 Berkmans Street, Apt. 2, Worcester, with my family:

- Marcela Cândido da Silva Andrade – spouse

- Isaque Cândido Andrade, 17 – Doherty Memorial High School
- Miguel Cândido Andrade, 14 – Doherty Memorial High School
- Benjamin Cândido Andrade, 10 – U.S. citizen – Midland Street School

We have lived in Worcester for over a decade, fully integrated into the community, church, schools, and local businesses.

I have:

- never committed any crime
- worked continuously
- co-founded a business recognized by the Massachusetts Senate
- cooperated with Worcester Police as a witness
- earned the trust of elected officials, church leadership, and neighbors

(See Exhibits D & E.)

## III. WHY I FILED MY IMMIGRATION APPLICATIONS NOW (HUMAN CONTEXT)

From 2016 to 2024, I fell into severe, clinically documented depression after experiences of labor exploitation and years of financial instability.

I was emotionally unable to complete immigration forms, track documents, or understand deadlines.

As soon as I recovered — through medical treatment, stable employment as a Project Manager, and personal discipline — I acted responsibly and filed the following in October/November 2025, with USPS proof (Exhibit C):

- Form I-914 (T Visa – labor trafficking victim)

- Form I-589 (Asylum – political persecution risk in Brazil)

These filings represent my first real conditions of emotional stability and ability to comply with the law.

## IV. USCIS POLICY MEMORANDUM PM-602-0192 (DEC. 2, 2025)

## NATIONWIDE ASYLUM FREEZE MAKES DETENTION IMMEDIATE AND LIKELY

(Exhibit I)

Yesterday, USCIS issued Policy Memorandum PM-602-0192, ordering a nationwide freeze on:

- all pending asylum applications, and
- all benefit requests from nationals of high-risk countries.

This means:

- My receipts (I-797C) will not be issued soon.
- I cannot prove to ICE that my humanitarian applications are pending.
- ICE is now instructed to escalate interior enforcement, especially in sanctuary jurisdictions like Massachusetts.

This turns my situation from risk into certainty of detention, without this Court's intervention.

## V. REAL, DOCUMENTED, LOCALIZED THREAT OF DETENTION IN 2025

The threat to my family is specific, proven, and matches the exact enforcement patterns in Massachusetts:

**1. Massachusetts is a top enforcement target**

(Exhibit G – Boston Globe, WBUR, ICE releases)

- 3,000+ arrests nationwide per day
- 1,461 arrests in Massachusetts (June 2025)
- Raids in Worcester, restaurants, construction sites

## 2. Public statements by ICE leadership

(Exhibit G-3)

Todd Lyons (Acting ICE Director):

"We will flood the zone in Massachusetts."

Patricia Hyde (Director, ERO Boston):

"ICE is not backing down in sanctuary cities."

## 3. Raids in Worcester affect my actual workplaces

(Exhibits G-1 to G-5)

Construction and restaurant sectors — precisely where I work and where my wife works.

## 4. Irreparable harm to U.S.-citizen Benjamin

If I or Marcela are taken:

Benjamin loses both parents, overnight.

This is the exact unconstitutional harm addressed in:

- Devitri v. Cronen
- Calderon v. Nielsen
- Ms. L. v. ICE

## 5. Whole-household collateral arrests

New federal enforcement guidance (Dec 2025) authorizes detention of entire households during operations.

## VI. LEGAL BASIS (28 U.S.C. § 2241)

Preventive habeas is available when:

- detention is imminent and unlawful
- due process will be lost without court intervention
- a U.S.-citizen minor faces irreparable harm
- humanitarian applications are pending but frozen by policy
- administrative remedies are unavailable (USCIS freeze)

This is precisely the situation recognized in:

- Devitri v. Cronen (D. Mass. 2017)
- Calderon v. Nielsen (D. Mass. 2018)

## VII. PRIMARY REQUEST – FULL PROTECTIVE ORDER

Petitioner respectfully requests an emergency order that:

1. Prohibits ICE from arresting, detaining, or removing me, my spouse Marcela, or my sons Isaque and Miguel until USCIS lifts the nationwide asylum freeze or adjudicates my I-914 and I-589.

2. Requires that any detention be followed by an individualized bond hearing within 7 days.

3. Preserves my right to appear voluntarily at ICE.

4. Protects my U.S.-citizen son from unconstitutional family separation.

## VIII. ALTERNATIVE REQUEST – NARROW TRO (90 DAYS)

If full protection is not granted, I request:

1. Prohibition of detention or removal without personal service of NTA
2. No collateral arrests
3. Protection for 90 days or until I-797C receipts are issued, whichever comes first
4. Right to voluntary appearance at ICE

## IX. VOLUNTARY COMMITMENT TO ICE

If relief is granted:

- I will voluntarily appear at ICE within 45 days.
- I will comply with all supervision requirements.
- I will update this Court with proof of compliance.

This eliminates any argument of flight risk.

## X. PRAYER FOR RELIEF

As previously drafted (unchanged), requesting:

- Full protective order
- Alternative 90-day TRO
- Declaratory relief
- Permission to supplement
- "Denied without prejudice" if denial occurs
- Any other equitable relief deemed just

## XI. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2025, Worcester, MA.

*Jeferson da Silva Andrade*
Petitioner, pro se