UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFERSON DA SILVA ANDRADE,<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | CIVIL ACTION<br>NO. 25-40201-MRG |

**ORDER**
December 9, 2025

**GUZMAN, D.J.**

*Pro se* petitioner Jeferson da Silva Andrade, who is a national of Brazil, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asking that the Court issue an order prohibiting the United States Immigration and Customs Enforcement ("ICE") from taking certain actions until his applications for asylum and T-Nonimmigration Status are adjudicated. Pet., ECF No. 1. He characterizes his claim as one for "[p]reventative habeas relief." *Id.* at 6. For the reasons stated below, the Court DENIES the petition without prejudice.[1]

**I.    Background**

According to Andrade, in October and November 2025, he submitted to the United States Citizenship and Immigration Services ("USCIS") applications for asylum and for a T-Visa. *Id.*

---

[1] The Court may deny the petition without requiring the respondents to submit a response. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which is applicable to 28 U.S.C. § 2241 cases pursuant to Rule 1(a)), "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" *See also* 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent to respond to the petition).

at 3-4.  He has not yet received documents from USCIS confirming their receipt of these applications.  Andrade asserts that, with the freeze on the processing of asylum applications and benefit requests from nationals of high-risk countries,[2] the documents confirming USCIS's receipt of his applications will not be issued soon, and that should he be detained by ICE, he would have he has no way of "proving to ICE that [his] humanitarian applications are pending." *Id.* at 4.  Andrade alleges that, because of ICE's escalated of immigration enforcement in "sanctuary jurisdictions like Massachusetts" and the absence of acknowledgement by USCIS that it has received his applications, there is a "certainty of [his] detention."  *Id.*

Andrade is particularly concerned about the harm his youngest son (who is a United States citizen) would suffer if one or both of his parents were taken into ICE custody.  Andrade maintains that he is "asking for a benefit, not a shortcut, but simply for temporary protection so I can remain a father until USCIS can process the humanitarian applications I already filed."  *Id.*  Specifically, he asks for an emergency order that:

1. Prohibits ICE from arresting, detaining, or removing [him], [his spouse], , or [his two older minor children, who are not United States citizens] until USCIS lifts the nationwide asylum freeze or adjudicates my I-914 and I-589

2. Requires that any detention be followed by an individualized bond hearing within 7 days.

3. Preserves [his] right to appear voluntarily at ICE

4. Protects [his] U.S.-citizen son from unconstitutional family separation.

*Id.* at 6.

---

[2] *See* U.S. Citizenship and Immigration Services Policy Memorandum, 602-0192, Subject:  Hold and Review of all Pending Asylum applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries (Dec. 2, 2025), *available at* https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf

Andrade asks that, in the alternative, the Court prohibit his detention or removal "without personal service of NTA," prohibit "collateral arrests," provide "[p]rotection for 90 days or until I-797 receipts are issue, whichever comes first," and preserve his "[r]ight to voluntary appearance at ICE." *Id.* Andrade states that, if the Court grants him relief, he will "voluntarily appear at ICE within 45 days," "comply with all supervision requirements," and "update this Court with proof of compliance." *Id.*

## II.    Discussion

Habeas corpus review is available under § 2241 if a person is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). For purposes of habeas jurisdiction, "custody" is not limited to physical detention. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004).

Andrade does not argue that he is presently "in custody." Pet. at 6. Rather, he seeks "[p]reventative habeas." *Id.* Andrade asserts that such relief is available when "detention is imminent and unlawful," "due process will be lost without court intervention," "a U.S.-citizen minor faces irreparable harm," "humanitarian applications are pending but frozen by policy," and "administrative remedies are unavailable (USCIS freeze)." *Id.* Andrade maintains that "this is precisely the situation recognized in . . . "Devitri v. Cronen (D. Mass. 2017)" and "Calderon v. Nielson (D. Mass. 2018)." *Id.* However, these two cases do not suggest that "preventative" habeas relief is available. In *Devitri v. Cronen*, 290 F. Supp. 3d 86 (D. Mass. 2017), the Court found that the petitioners were in "custody" for habeas purposes because they were subject to final orders of removal, or, even though not ordered removed, they were subject to an Order of

Supervision by ICE. *Id.* at 90. In *Jiminez v. Cronen*, 317 F. Supp. 3d 626 (D. Mass. 2018),[3] the petitioners had been ordered removed. *Id.* at 642-43. They had been arrested by ICE when they appeared at USCIS offices for an interview as part of their application to adjust their status based on marriage to a United States citizen. *Id.* At issue was the lawfulness of the petitioners' physical custody and their rights vis-à-vis custody review hearings to determine if continued confinement was justified. *Id.* at 647-58.

For this Court to have federal habeas jurisdiction, the petitioner must be in custody. 28 U.S.C. § 2241(c)(3). While the cases Andrade cited support the argument that actual physical custody is not required so long as removal is actionable and imminent, under the alleged facts, Andrade is not "in custody" for habeas purposes. He is not in the physical custody of the government, has not been ordered removed, and is not subject to an order of supervision. The Court appreciates Andrade's concerns in his present circumstances (especially those concerning his children), but the Court cannot exercise its habeas jurisdiction in this action. Without jurisdiction, the Court cannot exercise its power over this case.

Regarding Andrade's alternative request for relief to protect him from detention or removal in the future, the Court also lacks jurisdiction for this request. Article III of the U.S. Constitution and the Declaratory Judgment Act ("DJA") allow district courts to grant declaratory relief, but this authority is limited to cases of "actual controversy." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 919 F.3d 638, 645-646 (1st Cir. 2019); U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 2201. In as plain language as possible, this means that a Court cannot make rulings for relief on a hypothetical state of facts, even if the facts appear plausible. *See id.* As stated, the

---

[3] Andrade refers to this case as *Calderon v. Cronen*. The full name of the first-named petitioner in this action is Lilian Pahola Calderon Jiminez. *See Jiminez v. Cronen*, 317 F. Supp. 3d 626 (D. Mass. 2018).

Court's declaratory power like Andrade requests is limited to cases of "actual controversy," meaning cases where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, <u>of sufficient immediacy and reality</u> to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "In the absence of an actual controversy, federal courts cannot issue advisory opinions." *Id.* (quoting *Golden v. Zwickler*, 394 U.S. 103, 108, (1969)). The possibility of Andrade's future detention or removal is only hypothetical at the moment, and the Court lacks jurisdiction to order relief on such a claim.

### III.   Conclusion

Accordingly, for the aforesaid reasons, the petition for a writ of habeas corpus is DENIED without prejudice and this action is DISMISSED.

**So Ordered.**

  /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

Dated:  December 9, 2025